UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RON LEMOINE, SR.                                CIVIL ACTION

VERSUS                                          NUMBER: 08-4513

LEXINGTON INSURANCE COMPANY                     SECTION: "D"(5)

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion for sanctions of defendant, Lexington Insurance Company. (Rec. doc. 18). For the reasons that follow, it is recommended that defendant's motion be granted.

The above-captioned matter is a homeowner's Katrina-related lawsuit that was removed from state court and was ultimately severed to become the single plaintiff case that it is. (Rec. doc. 1). On December 1, 2008, defendant propounded interrogatories and requests for production of documents upon plaintiff in an effort to gather information needed in the defense of this suit. (Rec. docs. 10-4, 10-5). When those discovery requests were not responded to

within the applicable legal delays and a gracious extension of time for plaintiff to do so, defendant filed a motion to compel under Rule 37(a)(3)(B), Fed.R.Civ.P. (Rec. doc. 10). Plaintiff filed no opposition to defendant's motion within the time prescribed by Local Rule 7.5E and on May 11, 2009, the Court granted defendant's motion as unopposed, ordering him to respond to defendant's outstanding discovery requests within two (2) weeks. (Rec. doc. 15). On June 1, 2009, defendant filed the motion that is presently before the Court, representing therein that plaintiff has still failed to respond to its outstanding requests as was ordered by the Court, has failed to provide defendant with his initial disclosures as was directed in the scheduling order in place in this litigation, and has failed to appear for his duly-noticed deposition on May 19, 2009. (Rec. doc. 18). Defendant's motion was taken up during a settlement conference that was conducted by the undersigned on June 5, 2009. (Rec. doc. 23). At that time, plaintiff's counsel advised the Court that he had for some time been unable to contact plaintiff at the address and phone number plaintiff had previously provided to him. (Id.). Given this lack of cooperation, plaintiff's counsel has since moved to withdraw from this case. (Rec. doc. 22).

Rule 37(b)(2)(A) and (d) of the Federal Rules of Civil Procedure allows a district court to dismiss a lawsuit with prejudice when a party fails to appear for a properly noticed

deposition or fails to comply with a discovery order. Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 514-17 (5th Cir. 1985); Kabbe v. Rotan Mosle, Inc., 752 F.2d 1083, 1084-85 (5th Cir. 1985). Dismissal with prejudice being a severe sanction, its use is appropriate only where the refusal to comply results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct. Coane v. Ferrara Pan Candy Company, 898 F.2d 1030, 1032 (5th Cir. 1990). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to provide initial disclosures to defendant, has failed to respond to defendant's outstanding discovery requests despite a Court order directing him to do so, and has failed to appear for his duly-noticed deposition. These failures are attributable to plaintiff rather than his counsel. Accordingly, it will be recommended that plaintiff's lawsuit be dismissed with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

### **RECOMMENDATION**

IT IS RECOMMENDED that the claims of plaintiff, Ron Lemoine, Sr., against defendant, Lexington Insurance Company, be dismissed with prejudice, at plaintiff's costs.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  9th  day of ___June___, 2009.

*signature*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE